**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., *ex rel.* STEPHEN FAUCI,<br><br>Plaintiffs,<br><br>v.<br><br>GENENTECH, INC., NOVARTIS PHARMACEUTICALS CORPORATION, and ROCHE HOLDINGS, INC.,<br><br>Defendants. | Civil Action No. 10-cv-11728-WGY |
| UNITED STATES OF AMERICA, et al., *ex rel.* ALLISON KELLY,<br><br>Plaintiffs,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS CORPORATION, GENENTECH, INC., ROCHE HOLDINGS, INC. and THE ROCHE GROUP,<br><br>Defendants. | Civil Action No. 12-cv-10962-WGY |

**JOINT MEMORANDUM OF LAW IN SUPPORT OF NOVARTIS CORPORATION'S AND ROCHE HOLDINGS, INC.'S MOTION TO DISMISS THE COMPLAINTS OF RELATORS FAUCI AND KELLY**

**PRELIMINARY STATEMENT**

Defendants Novartis Corporation ("Novartis Corp."), which is a defendant in only the 2012 *qui tam* Complaint filed by Allison Kelly, and Roche Holdings, Inc. ("Roche"), which is a defendant in the Kelly Complaint[1] and the 2010 *qui tam* Complaint filed by Stephen Fauci,[2] incorporate herein all of the reasons for dismissal set forth in the Defendants' Joint Memorandum of Law in Support of Their Motion To Dismiss the Complaints of Relators Garcia, Fauci and Kelly filed by defendants Novartis Pharmaceuticals Corporation ("NPC") and Genentech, Inc. ("Genentech") ("NPC and Genentech Joint Memorandum").[3] Novartis Corp. and Roche file this separate motion to dismiss because an additional basis applicable only to these entities compels their dismissal from these cases: Relators' complete failure to state a claim for relief as to Defendants Novartis Corp. or Roche under Fed. R. Civ. P. 12(b)(6), let alone satisfy the heighted pleading standard of Rule 9(b) with respect to Novartis Corp. or Roche.

Novartis Corp. and Roche are parent holding companies that do not develop, manufacture, sell or market any pharmaceutical products, or anything else for that matter. They have no connection to the allegations made in Relators' Complaints aside from the mere fact that Defendant NPC is a remote subsidiary of Novartis Corp., as Defendant Genentech is of Roche.

---

[1] Kelly's Complaint also names "The Roche Group" as a defendant. However, the Roche Group is merely a trade name, not a legal entity, and therefore not properly named as a defendant. (*See* Kelly Action, ECF No. 17).

[2] On June 16, 2014, Fauci voluntarily dismissed his Complaint with prejudice as to himself, and awaits consent from the United States and the plaintiff states. (*See* No. 06-cv-10465-WGY, ECF No. 120).

[3] Neither Novartis Corp. nor Roche is a named party in the related Garcia Action (No. 06-cv-10465-WGY), and they therefore do not submit this motion as to that action. Similarly, Novartis Corp. is not a named party in the Fauci Action, and does not join in Roche's motion as to that action.

Relators' Complaints are devoid of any substantive factual allegations regarding Novartis Corp. or Roche. Aside from generalized allegations that "Defendants," "Novartis," or "Genentech" committed certain actions, not a single allegation of misconduct is levied against Novartis Corp. or Roche specifically. In fact, Novartis Corp. is mentioned in only six paragraphs of the over 800 paragraphs in Kelly's Complaint — and those paragraphs make no substantive allegations against Novartis Corp. (*See* Kelly Compl. ¶¶ 2, 61-64, 822). Likewise, Roche is identified in only six paragraphs of Fauci's Complaint and five paragraphs of Kelly's Complaint, none of which contains any substantive allegations against Roche. (*See* Fauci Compl. ¶¶ 3, 9-11, 37, Request for Relief; Kelly Compl. ¶¶ 2, 67-69, 822). Nor do Relators allege any basis for holding Roche or Novartis Corp. responsible for any alleged conduct of their respective remote subsidiary. Accordingly, Novartis Corp. and Roche should be dismissed from Relator Kelly's *qui tam* suit and Roche should be dismissed from Relator Fauci's *qui tam* suit for failure to allege any factual basis for liability against either entity.

## ARGUMENT

**I.    THE APPLICABLE COMPLAINTS FAIL TO ALLEGE A PLAUSIBLE CLAIM FOR RELIEF AS TO NOVARTIS CORPORATION OR ROCHE HOLDINGS, INC.**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Fauci and Kelly Complaints must contain "allegations plausibly suggesting (not merely consistent with)" the alleged misconduct, that possess sufficient "heft" to show that plaintiff is entitled to relief. *Twombly*, 550 U.S. at 557.

Although courts accept well-pled factual allegations as true in determining whether a complaint states a plausible claim, *Iqbal*, 556 U.S. at 677-79, they do "not accept the complaint's legal conclusions or 'naked assertion[s]' devoid of 'further factual enhancement.'" *Soto-Torres v. Fraticelli*, 654 F.3d 153, 156 (1st Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678); *see also Feliciano-Hernandez v. Pereira-Castillo*, 663 F.3d 527, 533 (1st Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678); *Spinal Imaging Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 12-11498, 2013 WL 1755200, at * 2 (D. Mass. Apr. 24, 2013) (Zobel, J.) (dismissing complaint because "conclusory assertion is not enough to create a plausible claim, particularly in the absence of any specific factual allegations to support it" and where "allegations simply fail to give [defendant] fair notice of the grounds for plaintiffs' claims" against it).

Kelly's Complaint is completely bereft of any factual allegations of misconduct related to Novartis Corp. or Roche. Instead, Kelly impermissibly lumps Novartis Corp. together with some of the other Defendants under the moniker "Novartis," and Roche with some of the other Defendants under the general term "Genentech" (Kelly Compl. ¶ 2), and then broadly asserts claims against separate corporate entities without any effort to distinguish among them. Kelly's conclusory assertion that separate entities can be "referred to collectively" as "Novartis" or "Genentech" "because they are interrelated entities and worked in concert" (*id.* ¶¶ 2, 64), is nothing more than a "naked assertion devoid of further factual enhancement," which this Circuit has found insufficient under Rule 12(b)(6). *See, e.g.*, *Soto-Torres*, 654 F.3d at 156.

Likewise, Fauci's Complaint refers to Roche, with other Defendants, as "Genentech" (Fauci Compl. ¶ 9), and asserts broad claims against "Genentech" with no effort to distinguish between the separate entities. Fauci conclusorily states that Roche assumed

responsibilities for the acts and liabilities of Genentech "after the merger,"[4] (*id.*), but provides no facts in support of this assertion and thus does not satisfy Rule 12(b)(6).  *See, e.g.*, *Soto-Torres*, 654 F.3d at 156.

Because Fauci's and Kelly's Complaints fail to offer any factual allegations regarding Novartis Corp.'s or Roche's involvement in any alleged misconduct in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, ("FCA"), Relators' theory of liability against Roche and Novartis Corp. comes down to this: each is liable because it owns Genentech or NPC, respectively.  But this theory fails because "it is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal quotation marks and citation omitted).

Accordingly, allegations of corporate ownership, without facts attributing alleged misconduct to the parent company itself, are insufficient to state a claim against a parent company.  *See Resolution Trust Corp. v. Driscoll*, 985 F.2d 44, 48 (1st Cir. 1993) (dismissing parent company from suit because although the complaint "may in a literal sense 'charge' [the parent company] with wrongs such as fraud . . . no facts are ever alleged that connect [the parent company] with the wrongful acts described," and a naked assertion of alter ego status, without allegation of facts to undergird it, is insufficient to state a claim against the parent corporation); *United States ex rel. Westmoreland v. Amgen, Inc.*, 707 F. Supp. 2d 123, 140 (D. Mass. 2010) (Young, J.) (dismissing parent corporations from FCA suit because complaint failed to allege the direct involvement of the parent corporations in the alleged misconduct), *aff'd in part, rev'd in*

---

[4]  Although Fauci's conclusory reference to a merger is irrelevant for purposes of assessing his Complaint's sufficiency as to Roche, Kelly's Complaint contains no similar allegation as to Novartis Corp. with respect to NPC.

*part sub nom. on other grounds*, *New York v. Amgen Inc.*, 652 F.3d 103 (1st Cir. 2011); *In re Pharm. Indus. Average Wholesale Price Litig.*, 538 F. Supp. 2d 367, 391 (D. Mass. 2008) (Saris, J.) (dismissing parent company from FCA action because complaint contained insufficient factual allegations as to the parent company's conduct); *United States ex rel. Kneepkins v. Gambro Healthcare, Inc.*, 115 F. Supp. 2d 35, 40 (D. Mass. 2000) (O'Toole, J.) (dismissing parent company from FCA suit because the government's allegations based on ownership are "plainly not enough").

In a factually similar case, this Court dismissed as defendants two parent corporations from a relator's FCA *qui tam* action because of the complaints' failure to "allege the direct involvement of [affiliated enterprises] ABC and ABSG in the False Claims Act violations." *Westmoreland*, 707 F. Supp. 2d at 140. The Court likewise rejected as insufficient mere "passing mention" of the parent corporations. *Id.* Relators' Complaints are equally deficient with respect to their allegations regarding Novartis Corp. and Roche. Kelly's Complaint spans over 800 paragraphs, but only a handful of paragraphs even mention Roche or Novartis Corp. (Kelly Compl. ¶¶ 2, 61-64, 67-69, 822). Similarly, in Fauci's Complaint of almost 300 paragraphs, only a small fraction mention Roche. (Fauci Compl. ¶¶ 3, 9-11, 37, Request for Relief). And none contains any factual allegations regarding Novartis Corp.'s or Roche's specific involvement in the alleged FCA violations.

Accordingly, Novartis Corp. and Roche should be dismissed from the Kelly Action and Roche should be dismissed from the Fauci Action for failure to plausibly state a claim as to those entities.

## II. THE FAUCI AND KELLY COMPLAINTS FAIL TO PLEAD FRAUD WITH PARTICULARITY AS TO NOVARTIS CORPORATION OR ROCHE HOLDINGS, INC. AS REQUIRED UNDER RULE 9(b).

Even if the Fauci and Kelly Complaints were found to sufficiently allege a plausible claim for relief as to Novartis Corp. or Roche under Rule 12(b)(6), the pleadings still fall woefully short of satisfying the heightened pleading standard of Rule 9(b) with respect to these entities.  In addition to the grounds articulated in the NPC and Genentech Joint Memorandum under Rule 9(b), Relators' Complaints also fail under Rule 9(b) with respect to Novartis Corp. and Roche in particular insofar as they barely *mention* either parent holding company, let alone assert any specific facts or allegations as to that entity.

In a case involving multiple defendants, such as this one, "Rule 9(b) requires that fraud be alleged particularly as to each defendant."  *Sebago, Inc. v. Beazer E., Inc.*, 18 F. Supp. 2d 70, 79 (D. Mass. 1998).  For purposes of pleading, "it is incumbent on a plaintiff to specify the particulars as to each defendant," and "[l]umping these parties all together as 'defendants,' . . . is not sufficient."  *King v. Wells Fargo Home Mortg.*, No. 11-10781, 2013 U.S. Dist. LEXIS 41486, at *5 (D. Mass. Mar. 25, 2013).  In *King*, Judge O'Toole dismissed plaintiff's fraud allegations under Rule 9(b) for failure to "specify the particulars as to each defendant."  *Id.*  The court found that because "participation in underlying events may differ," plaintiff's pleading by "[l]umping these parties all together as 'defendants'" provided insufficient notice of the conduct attributable to each defendant.  *Id.*

The allegations in *King* are similar to those here, where Kelly's most substantive allegation against Novartis Corp. consists of one sentence that groups remote parent Novartis Corp. together with other Novartis entities, labels them an "enterprise" and conclusorily attributes to them "the acts described in this Complaint."  (Kelly Compl. ¶ 64).  Similarly, Kelly

7

groups Roche together with Genentech, alleging that they worked "as a joint or common enterprise," (*id.* ¶ 69), and attributing to each "the acts described in this Complaint." (*Id.*).

Likewise, Fauci groups Roche with another entity for a limited period of time and attributes "the acts and liabilities" of that entity to Roche. (Fauci Compl. ¶ 9). These sentences plainly fall short of Relators' requirement to plead fraud with particularity as to Novartis Corp. and Roche.

For this additional reason — in addition to the reasons set forth in the NPC and Genentech Joint Memorandum — the Court should dismiss with prejudice Novartis Corp. and Roche from the Kelly Action and Roche from the Fauci Action.

## CONCLUSION

In sum, for the foregoing reasons — in addition to the reasons for dismissal set forth in the Defendants' Memorandum of Law in Support of Their Joint Motion to Dismiss filed by Novartis Pharmaceuticals Corporation and Genentech, Inc. — defendants Novartis Corporation and Roche Holdings, Inc. should be dismissed from these Actions with prejudice in light of Relators' failures to plead a plausible claim for relief under Rule 12(b)(6) and satisfy the heightened pleading standards of Rule 9(b).

Dated:  June 17, 2014

Respectfully submitted,

| | |
|---|---|
| */s/ Tracy A. Miner* <br> Tracy A. Miner (BBO#547137) <br> Michael J. Ticcioni (BBO#676878) <br> MINTZ, LEVIN, COHN, FERRIS, <br> GLOVSKY & POPEO, PC <br> 42nd Floor <br> One Financial Center <br> Boston, MA 02110 <br> (617) 542-6000 <br> tminer@mintz.com <br> mticcioni@mintz.com <br><br> Michael A. Rogoff (admitted *pro hac vice*) <br> Debra E. Schreck (admitted *pro hac vice*) <br> KAYE SCHOLER LLP <br> 425 Park Avenue <br> New York, NY  10022 <br> (212) 836-8000 <br> mrogoff@kayescholer.com <br> dschreck@kayescholer.com <br><br> *Attorneys for Defendant Novartis Corporation* | Matthew J. O'Connor (BBO#631259) <br> Ronald G. Dove, Jr. (admitted *pro hac vice*) <br> Covington & Burling LLP <br> 1201 Pennsylvania Avenue, N.W. <br> Washington, DC 20004 <br> (202) 662-5469 <br> moconnor@cov.com <br> rdove@cov.com <br><br> Elliot R. Peters (admitted *pro hac vice*) <br> David J. Silbert (admitted *pro hac vice*) <br> Keker & Van Nest LLP <br> 633 Battery Street <br> San Francisco, CA 94111-1809 <br> (415) 676-2273 <br> epeters@kvn.com <br> dsilbert@kvn.com <br><br> *Attorneys for Defendant Roche Holdings, Inc.* |

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I have conferred with Relators' counsel regarding the subject matter of this motion and have attempted in good faith to resolve or narrow the issue.

*/s/ Tracy A. Miner*
Tracy A. Miner (BBO#547137)
Michael J. Ticcioni (BBO#676878)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, PC
42nd Floor
One Financial Center
Boston, MA 02110
617-542-6000

*On behalf of Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2014, a true and correct copy of the foregoing document was served electronically on all registered counsel of record via ECF and is available for viewing and downloading from the ECF system, as well as by U.S. mail to those indicated as non-registered participants.

*/s/ Tracy A. Miner*
Tracy A. Miner (BBO#547137)
Michael J. Ticcioni (BBO#676878)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, PC
42nd Floor
One Financial Center
Boston, MA 02110
617-542-6000

*On behalf of Defendants*